Weygandt, C. J.
The sole question before this court for review is whether the lower courts were in error in holding that the relator taxpayer is without legal capacity to sue.
At the threshold of this discussion it is important to observe that the relator taxpayer makes no claim that he is authorized by statute to institute this action.
The question then is reduced to whether the relator possesses such authority under the principles of the *368 common law. The general rule is summarized as follows in 39 Ohio Jurisprudence, 2, Section 2:
“Even in the absence of legislation, a taxpayer has a right to call upon a court of equity to interfere to prevent the consummation of a wrong such as occurs when public officers attempt to make an illegal expenditure of public money, or to create an illegal debt, which he, in common with other property holders of the taxing district, may otherwise be compelled to pay.”
It is equally fundamental that at common law and apart from statute, a taxpayer can not bring an action to prevent the carrying out of a public contract or the expenditure of public funds unless he has some special interest therein by reason of which his own property rights are put in jeopardy. In other words, private citizens may not restrain official acts when they fail to allege and prove damage to themselves different in character from that sustained by the public generally. 39 Ohio Jurisprudence, 22, Section 12; 52 American Jurisprudence, 3, Section 3.
Under the allegations in his amended petition, does the relator taxpayer meet this test?
The funds here involved were appropriated by the General Assembly of Ohio June 1, 1951, for the use of the respondent commission. Section 1079-10, General Code (Section 3769.10, Revised Code), then read as follows:
“The commission shall be charged with the duties of enforcing the provisions of this act, and may incur such expenses as shall be necessary, providing, however, that such expenses shall not exceed the revenues derived from the fees and taxes as herein provided.
“All taxes, fees and moneys due the state of Ohio under the provisions-of this act shall be paid to, and receipted for by, the secretary of the commission, and shall be.paid by him weekly into the State Treasury *369 to the credit of a separate fund to be known as ‘the State Racing Commission Fund.’ Said fund shall be continued from year to year and except as hereinafter provided shall be drawn against only for the purpose of this act. Whenever, in any year, the amount of revenue paid into said fund shall exceed the amount appropriated therefrom for the uses and purposes of the State Racing Commission for said year such excess amount shall forthwith be transferred to the General Revenue Fund.”
From these provisions it is apparent that the respondent commission is not authorized to expend public funds in excess of the revenues it collects from a special class of taxpayers. It is clear, too, that no part of such expenditures can involve funds collected from taxpayers generally. Furthermore, the relator does not claim to be in the special class of taxpayers from whom these revenues are collected.
Hence, as held by the lower courts, the relator taxpayer has no special interest in the funds here involved, and he lacks the legal capacity to institute this action.
The relator also requests this court to declare the pertinent statutes unconstitutional. However, when the respondents demurred to the relator’s petition, they saw fit to raise only two questions, namely, the legal capacity of the relator to sue and whether there is a defect of parties respondent. Each of the lower courts based its decision on the sole ground of lack of legal capacity to sue, and the question of constitutionality was not decided, considered or presented. Consequently it is not considered here. Furthermore, the question is merely academic in this action since the relator taxpayer lacks legal capacity to sue.

Judgment affirmed.

Hart, Zimmerman, Stewart and Lamneck, JJ., concur.